```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
FEARGROUNDS, LLC,
                                *
    Appellant,
                                *

       v.                       *     CIVIL NOS.: WDQ-10-0087
                                                  WDQ-10-0088
                                *
OLD TIME CONTRACTORS, INC.,
                                *              CONSOLIDATED
    Appellee.
                                *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Feargrounds, LLC appeals a bankruptcy court order denying its motion to enforce the automatic stay and granting appellee Old Time Contractors, Inc.'s motion for summary judgment. For the following reasons, the bankruptcy court will be affirmed.

I. Background

Feargrounds--a Maryland limited liability company based in Laurel, Maryland--produces "HauntFest," an annual Halloween festival at the Merriweather Post Pavilion in Columbia, Maryland. Paper No. 6-5. In 2008, Feargrounds members Scottie Naugle and Lelin Chao orally contracted with Old Time for 400 wall panels to be used at "HauntFest 2008." Paper No. 6-8. After Naugle and Lelin failed to pay Old Time for its work, Old Time sued them in the District Court for Howard County,

1

Maryland. *Id*. Naugle and Lelin did not appear at the March 2, 2009 trial. *Id*. After hearing the testimony of Old Time's president, Mark Doyle, regarding the formation of the contract and the amount of damages, the court entered judgment for Old Time in the amount of $9,271.37. *Id*. Naugle and Lelin appealed to the Circuit Court for Howard County, arguing *inter alia* that in contracting with Old Time, they had acted as agents for Feargrounds; thus, they argued, the lower court had erred in holding them individually liable on the contract. Appellee Br., Ex. 1. The Circuit Court affirmed in part, holding that "[b]ased on the evidence presented, it was proper for the [lower court] to find that there was a contract between [Old Time] and [Naugle and Lelin] and not between the [Old Time] and [Feargrounds]." *Id*.[1]

On May 22, 2009, Feargrounds filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, naming Old Time as a creditor. On June 19, 2009, Feargrounds moved to extend the Bankruptcy Code's automatic stay[2] to the Howard County suit against Naugle and Lelin. Paper No. 6-1. On August 28, 2009, Old Time filed a motion for summary judgment on the issue of the automatic stay's applicability. Paper No. 6-18. On September

---

[1] The court remanded for a recalculation of damages.

[2] *See* 11 U.S.C. § 362.

18, 2009, the bankruptcy court issued an order granting summary judgment to Old Time and denying Feargrounds's motion to enforce. Paper No. 6-31. The order noted that Feargrounds's September 16, 2009 opposition was untimely, but stated no other basis for the decision. *Id*. Feargrounds filed three motions for reconsideration, Paper Nos. 6-31, 6-33, 6-39, and the bankruptcy court scheduled a motions hearing for December 23, 2009, Paper No. 6-45. On December 19, 2009, the bankruptcy court denied the motions for reconsideration without explanation. Paper Nos. 6-50, 6-51. On January 13, 2010, Feargrounds appealed.

II. Analysis

Feargrounds contends that the Bankruptcy Court erred by (1) refusing to extend the automatic stay to the Howard County litigation, (2) disregarding its untimely opposition to Old Time's motion for summary judgment, and (3) deciding the motions for summary judgment and for reconsideration without a hearing. The Court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *Duncan v. Duncan*, 448 F.3d 725, 728 (4th Cir. 2006). Matters within the discretion of the bankruptcy court are reviewed for abuse of discretion. *Bell v. Rehder*, 2008 U.S. Dist. LEXIS 112392, at *7 (D. Md. Mar. 25, 2008).

A. Procedural Issues

Feargrounds argues that the bankruptcy court abused its discretion by refusing to consider its untimely opposition to Old Time's motion for summary judgment. According to Feargrounds, the late filing was the result of excusable neglect: counsel's misreading of the rules governing the time for filing the opposition.

Under Federal Rule of Bankruptcy Procedure 9006(b)(1):

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The Supreme Court has defined "neglect" as encompassing "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'Ship*, 507 U.S. 380, 388 (1993). Determining whether the neglect is "excusable" is "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. Relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the

4

delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith. *Id*. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that "excusable neglect" under Rule 6(b) is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392.

Old Time moved for summary judgment on August 28, 2009; Feargrounds's filed its opposition on September 16, 2009. The opposition was untimely under Local Bankruptcy Rule 9013-1(b)(3), which states that "[a]ny . . . memorandum in opposition to a motion must be filed within fourteen (14) days from the date of service of said motion." Feargrounds states that its counsel believed that its opposition was due 21 days after Old Time's motion for summary judgment. Counsel mistakenly relied on the Federal Rule of Civil Procedure 56, which, as of December 1, 2009, requires opposition memoranda to be filed within 21 days.[3] Feargrounds believes that this reliance was excusable

---

[3] Apparently, counsel consulted an edition of the Rules that contained the pre-December 1, 2009 version of Rule 56--which did not specify a time for responsive filings--and the current version, which sets a 21-day response time.

neglect because the filing would have been timely under the current version of Rule 56.

Counsel's error was not misreading Rule 56, but the failure to consult the Local Bankruptcy Rules, which--regardless of which version of Rule 56 applied--required the response to be filed within 14 days. Even had the current Rule 56 applied, Feargrounds's opposition would have been untimely.[4] That version states that its requirements apply "unless a different time is set *by local rule* or the court orders otherwise." Fed. R. Civ. P. 56(c)(1) (emphasis added). The bankruptcy court acted within its discretion in refusing to consider Feargrounds's untimely opposition.

Similarly, under Local Bankruptcy Rule 9013-1(4), "[e]xcept as otherwise provided in the Bankruptcy Code, the Federal Bankruptcy Rules, [the Local Bankruptcy Rules] or by the court, a motion can be decided on the pleadings and memoranda filed." Feargrounds has not cited--and the Court has not found--any authority requiring a hearing on the motion to enforce or the motions for reconsideration. Accordingly, the bankruptcy court

---

[4] Under Fed. R. Civ. P. 81(a)(2), the Federal Rules of Civil Procedure "apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure." The only reference to Rule 56 in the Bankruptcy Rules is that "Rule 56 . . . applies in adversary proceedings." Fed. R. Bank. P. 7056. Local Bankruptcy Rule 9013 applies to all motions filed in the bankruptcy court.

did not abuse its discretion in deciding the motions without a hearing.

B. The Automatic Stay

Feargrounds contends that the bankruptcy court erred in refusing to extend the automatic stay to the Howard County litigation. Under Section 362(a) of Chapter 11 of the Bankruptcy Code, the filing of a petition in bankruptcy stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced against the debtor that arose before the [debtor filed for bankruptcy]." 11 U.S.C. § 362(a)(1). Section 362 also stays the enforcement of judgments against the debtor or the property of the estate. *Id.* § 362(a)(2). The automatic stay generally only applies to proceedings against the debtor or the property of the estate, but "in unusual circumstances" the stay may be extended to suits against non-bankrupt third parties. *See Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988). Unusual circumstances exist "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Kriesler v.*

*Goldberg*, 478 F.3d 209, 213 (4th Cir. 2006)(*quoting A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

There is no basis for extending the automatic stay to the Howard County litigation. Under Maryland law, "an LLC is treated as a separate legal entity for purposes of liability and property ownership." *Id*. There is not such an identity of interests between Feargrounds and its members that a judgment against the individual members is effectively a judgment against Feargrounds. The correctness of the state court's holding that Naugle and Lelin--rather than Feargrounds--were parties to the contract with Old Time has no bearing on whether the stay should have been extended to the Howard County suit.[5] The question before the bankruptcy court was whether the Howard County suit jeopardized Feargrounds's assets.[6] Because the judgment against Naugle and Lelin would have no effect on Feargrounds, the bankruptcy court correctly denied Feargrounds's motion to enforce and granted Old Time's motion for summary judgment.

---

[5] The Circuit Court affirmed the lower court's determination that Naugle and Lelin were the proper parties to the suit.

[6] *See, e.g., Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121-22 (4th Cir. 1988) (refusing to stay proceedings or void judgment against non-bankrupt third party because neither debtor nor its estate was jeopardized by judgment against third-party).

III.  Conclusion

    For the reasons stated above, the bankruptcy court will be affirmed.


<u>April 29, 2010</u>                            <u>          /s/          </u>
Date                                          William D. Quarles, Jr.
                                                United States District Judge